# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| GENBAND US LLC | § § | |
| v. | § § | Case No. 2:14-cv-33-JRG-RSP |
| METASWITCH NETWORKS CORP., ET AL. | § § § | |

## ORDER ON MOTIONS TO STRIKE

Before the Court is a Motion to Strike the Expert Reports of Dr. Robert Akl and Dr. Tim Williams on Essentiality filed by Plaintiff Genband US LLC ("Genband") (Dkt. No. 259). Also before the Court is Genband's Motion to Strike Testimony on Non-Infringing Alternatives. (Dkt. No. 260).

These are not *Daubert* motions under Fed. R. Evid. 702. Instead, both motions are premised on the argument that Metaswitch Networks Ltd and Metaswitch Networks Corp. (collectively "Metaswitch") failed to timely disclose its contentions in the course of discovery.

## I. LAW

A party "who has responded to an interrogatory . . . must supplement or correct its disclosure or response . . . in a timely manner if the party learns that in some material respect, the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). If a party fails to provide information as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

1

A court considers four factors in determining whether a Rule 26 violation is harmless: (1) the party's explanation, if any, for its failure to disclose the information in a timely manner; (2) the prejudice to the opposing party if the evidence is admitted; (3) the possibility of curing such prejudice by granting a continuance; and (4) the importance of the evidence. *See Texas A & M Research Found. v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003). Courts have broad discretion in determining whether to admit expert submissions under Rule 37(c). *Burleson v. Tex. Dep't of Criminal Justice*, 393 F.3d 577, 583 (5th Cir. 2004).

The Federal Rules contemplate that contention interrogatories need not necessarily be answered early in a case. *See* Fed. R. Civ. Proc. 33(a)(2); see also Rule 33 advisory committee's note (1970 amendment, subdivision (b)) ("Since interrogatories involving mixed questions of law and fact may create disputes between the parties which are best resolved after much or all of the other discovery has been completed, the court is expressly authorized to defer an answer"). In responding to interrogatories, a party is "not required [] to disclose its experts' opinions in advance of the deadline for serving expert reports." *See Beneficial Innovations, Inc. v. AOL LLC*, Case No. 2:07-cv-555, Dkt. No. 260 at 1 (E.D. Tex. May 26, 2010) (Dkt. No. 256); *see also IP Innovation L.L.C. v. Sharp Corp.*, 219 F.R.D. 427, 430 (N.D. Ill. 2003) ("Plaintiffs' request for an invalidity analysis before Sharp is required to produce its expert report is denied as premature"); *Duncan v. Chevron U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 63707 at *10-11 (E.D. La. June 15, 2011) (discovery seeking disclosure of expert opinions and bases for such opinions was premature in light of expert disclosure deadline imposed by the Court).

## II. ANALYSIS

### A. Standards Essentiality Opinions

On April 16, 2014, GENBAND propounded Interrogatory No. 6, which sought information about whether Metaswitch contended that any claims of the asserted claims were essential to the practice of any standard:

> State your entire factual basis for any contention you have that GENBAND is subject to a FRAND/RAND commitment including identifying the standard setting organization, the relevant standard, the claims of any of the Asserted Patents that you believe are essential to implementation of that standard and the portion of that standard that you contend any such claims are essential to, all reasons why you contend any such claim is essential to implementation of that standard, specifically how you contend GENBAND undertook any such FRAND/RAND commitment, and what you believe the relevant FRAND/RAND rate is.

(Dkt. No. 259-2 at 8). Metaswitch served responses and supplemental responses to this interrogatory, culminating in a response on May 5, 2015 (the day before the close of fact discovery) that identified approximately 75 standards "including each of the standards discussed in [] Metaswitch's expert reports." *See* (Dkt. No. 259 at 8).

When it received Metaswitch's May 5, 2015 response, Genband did not file a motion arguing that the response was deficient or late, and there is no evidence in the record indicating that Metaswitch could have served its response earlier. Accordingly, the Court has no reason to conclude that Metaswitch's response was untimely. The only remaining question is whether it was sufficiently complete.

Parties are not required to disclose the details of expert opinions prior to the expert disclosure deadline. However, a party must provide fair notice of its contentions when this information is sought during discovery. Metaswitch was therefore required to disclose the standards it contends are essential, which it did. Metaswitch was not required to disclose the

details of the analysis its experts would subsequently rely upon to render their opinions that these standards are essential.

Accordingly, the Court finds that the essentiality opinions disclosed in the May 8, 2015 expert reports of Dr. Akl and Dr. Williams were sufficiently disclosed during discovery. Moreover, Genband had a full and fair opportunity to inquire into the details of these essentiality opinions during expert discovery. The Court declines to exclude these opinions.

Genband also argues that the purported "rebuttal" opinions of Dr. Akl, served June 19, 2015, are untimely. These opinions were served more than a month after the expert disclosure deadline. The opinions concern the alleged standards-essentiality of claims 70 and 92 of the '971 Patent. (Dkt. No. 259-9). Although characterized as "rebuttal" opinions, Dr. Akl's opinions on standards essentiality do not appear to address or rebut the opinion of any other expert, other than to note that "Dr. Beckmann has not provided any opinions regarding claim 21 of the '971 patent." (*Id.* at ¶ 211).

Dr. Akl's June Report was not timely disclosed, but an untimely expert report is nevertheless admissible if the party offering it demonstrates good cause under the four factor *Primrose* test. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563-64 (5th Cir. 2004) ("(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose").

Metaswitch's justification for serving Dr. Akl's report after the expert disclosure deadline is that Genband dropped claim 21 of the '971 Patent. (Dkt. No. 324 at 5). Dr. Akl discussed claim 21 in his opening report and opined that claim 21 showed that the '971 Patent is standard-essential. (Dkt. No. 259-7 at ¶ 54). Genband argues that Dr. Akl should have opined about claims

70 and 92 in his opening report as well. (Dkt. No. 302 at 7). However, Genband identifies no evidence of actual prejudice. Genband was aware that Dr. Akl would opine that the '971 patent was standards-essential, and the record indicates that Genband was able to ask Dr. Akl about his late-disclosed opinions at his deposition. (Dkt. No. 259-11 at 220:1-221:3).

Because Metaswitch offers some justification for its late disclosure and explains why Dr. Akl's late opinions are necessary, and because Genband does not appear to have suffered any prejudice, the Court holds that the late disclosure of Dr. Akl's June report was harmless under *Primrose* and therefore declines to strike it.

**B. Non-Infringing Alternatives Opinions**

On January 15, 2015, GENBAND propounded Interrogatory No. 16, which asked Metaswitch to identify "design-arounds" alleged to be non-infringing alternatives:

> Separately for each of the Asserted Patents, identify and describe in detail any alleged design-around or alternative technology or method ("design-around") that You allege can be used as an alternative to claimed subject matter of the asserted claims of the Asserted Patents, including: (a) a description of the alleged design-around; (b) when and how the alleged design-around was developed; (c) individuals involved in developing the alleged design-around, including an identification of their titles and departments if they are or were Metaswitch employees; (d) when the alleged design-around was available for use, and the costs associated with implementation and use of the alleged design-around; (e) whether the alleged design-around is incorporated or utilized by the Metaswitch Accused Products and, if so, the date on which each Metaswitch Accused Product incorporated or utilized the alleged design-around.

(Dkt. No. 260-2 at 9). Metaswitch served a response identifying its own accused products as non-infringing alternatives (because Metaswitch contends they do not infringe), and also identified the prior art in its invalidity contentions as potential non-infringing alternatives. (Dkt. No. 260 at at 6). On May 5 and May 6 2015, Metaswitch served supplemental interrogatory responses outlining a variety of hypothetical design-arounds and providing some information about how these designs might be implemented. (Dkt. No. 260-4 at 50–59; Dkt. No. 301-4 at 145–48).

Metaswitch's experts Dr. Akl, Dr. Williams, and Mr. Gunderson offer opinions about some of these alleged design-arounds. (Dkt. No. 278 at 5).

The facts and arguments Genband relies on to support its Motion to Strike non-infringing alternatives closely parallel those addressed above for Genband's Motion to Strike regarding standards essentiality. As with Genband's Interrogatory No. 6, there is no evidence that Metaswitch could have served its response to Interrogatory No. 16 responses earlier than it did, and Genband never moved the Court for relief when it received Metaswitch's responses. Metaswitch's interrogatory responses provide sufficient notice to Genband of Metaswitch's contentions, and Genband was not entitled to the detailed analyses of Metaswitch's experts prior to the expert disclosure deadline.

Genband points out that Metaswitch's 30(b)(6) witnesses testified they were not aware of any design-arounds. (Dkt. No. 260 at 8–10). But it appears these witnesses were questioned about "[n]oninfringing alternatives considered, planned, or implemented" by Metaswitch. (Dkt. No. 278 at 14). That Metaswitch testified it did not consider, plan, or implement any non-infringing alternatives does not preclude its experts from opining that non-infringing alternatives exist. The Court declines to strike Metaswitch's experts' opinions about non-infringing alternatives.

## III. CONCLUSION

Genband's Motion to Strike the Expert Reports of Dr. Robert Akl and Dr. Tim Williams on Essentiality (Dkt. No. 259) is **DENIED**. Genband's Motion to Strike Testimony on Non-Infringing Alternatives. (Dkt. No. 260) is **DENIED**.

**SIGNED this 8th day of January, 2016.**

6

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE