# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| GENBAND US LLC | § <br> § |
| v. | § § Case No. 2:14-cv-33-JRG-RSP |
| METASWITCH NETWORKS CORP., ET AL. | § § § |

## **MEMORANDUM ORDER**

Currently before the Court is Metaswitch's Supplemental Brief Regarding Evidence of Alleged Copying (Dkt. No. 420) filed by Metaswitch on January 7, 2016 objecting to rulings made by the Court concerning exhibits and deposition designations during the Pretrial Conference. The Supplemental Brief identifies statements made by the Court at the pretrial conference about why evidence of alleged copying was admitted over Metaswitch's objection. The Court issues this Order to clarify any ambiguity or misunderstandings these statements may have engendered.

Plaintiff maintained throughout the pretrial process that it was seeking to introduce evidence of copying as an indicium of nonobviousness. Accordingly, evidence of alleged copying was admitted because it is relevant to the obviousness determination, and the Court admitted only such copying evidence as was shown to bear a nexus to the claimed technology. *See In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1075-79 (Fed. Cir. 2012) (secondary considerations of non-obviousness serve as an important check on hindsight bias and "must always when present be considered."); *Wm. Wrigley Jr. Co. v. Cadbury Adams USA LLC*, 683 F.3d 1356, 1364 (Fed. Cir. 2012) ("a nexus

between the copying and the novel aspects of the claimed invention must exist for evidence of copying to be given significant weight in an obviousness analysis").

However, some evidence that might be used to support an inference of copying, such as knowledge of the patented technology during development of the accused products, might also support an inference of infringement. Although the law is clear that the ultimate fact of copying has no legal relevance to infringement, such evidence is not rendered inadmissible simply because it could support either inference. In *Allen Engineering Corp. v. Bartell Industries, Inc.*, 299 F.3d 1336 (Fed. Cir. 2002), the Federal Circuit held, in discussing "the legal effect of alleged copying," that copying "is of no import on the question of whether the claims of an issued patent are infringed." *Id.* at 1350–51. The district court in that case appeared to have compared the accused products to the patentee's products in determining infringement. In the present case, heedful of the Federal Circuit's guidance, the Court did not pre-admit evidence of copying on the basis of any perceived relevance to the issue of infringement.

Accordingly, the relief requested in the Supplemental Memorandum was, and is, denied.

**SIGNED this 15th day of January, 2016.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE